# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEENA HANNONEN, an individual; AGNES BRADSHAW, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARK McCLOSKEY, an individual; TIMOTHY M. RYAN, an individual; ANDREW J. MASE, an individual; MATTHEW H. AGUIRRE, an individual; THE RYAN LAW FIRM, APC, a California Professional Corporation; and DOES 5-25,<br><br>Defendant. | Case No.: 3:24-CV-02408-BEN-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Before the Court is the Motion to Dismiss the First Amended Complaint ("FAC") filed by Defendants Mark McCloskey, Timothy M. Ryan, Andrew J. Mase, Matthew H. Aguirre, and The Ryan Firm, APC (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the Motion (ECF No. 13), Plaintiffs' Opposition (ECF No. 14), Defendants' Reply (ECF No. 16), and the record in this case. For the reasons set forth, the Motion is GRANTED, and the FAC is DISMISSED.

## I. BACKGROUND

This case arises from Plaintiffs Leena Hannonen and Agnes Bradshaw's allegations that a Substitution of Trustee ("SOT") recorded in San Diego County in 2017 was fraudulently executed by Defendant Mark McCloskey, a former employee of Specialized Loan Servicing, LLC. Plaintiffs contend that McCloskey forged a notary's signature and transmitted the document from Colorado to California for recording, resulting in an unlawful foreclosure on their property. They further allege that attorneys from The Ryan Law Firm, APC—Timothy M. Ryan, Andrew J. Mase, and Matthew H. Aguirre (collectively, "Attorney Defendants")—engaged in fraud and racketeering by filing documents referencing the disputed SOT in unrelated litigation. The FAC asserts multiple causes of action, including fraud, identity theft, RICO violations, cancellation of instruments, conversion, and violation of California and federal statutes.

Defendants filed their Motion to Dismiss on February 25, 2025 (ECF No. 13), properly noticed for hearing on March 31, 2025. Plaintiff Hannonen filed an opposition on March 18, 2025 (ECF No. 14), and Defendants replied on March 24, 2025. (ECF No. 16). The matter was taken under submission without oral argument.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive dismissal, the complaint must allege facts sufficient to "state a claim to relief that is plausible on its face," allowing the court to draw a reasonable inference of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts all factual allegations as true, but does not need to accept legal conclusions couched as facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As *pro se* litigants, Plaintiffs' pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, they must still comply with procedural rules and substantive law. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Leave to amend is denied if the amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citations omitted).

## III.   DISCUSSION

The First Amended Complaint ("FAC") is both procedurally and substantively deficient in ways that preclude any claim from surviving dismissal under Federal Rule of Civil Procedure 12(b)(6).  Although Plaintiffs allege serious misconduct stemming from the 2017 execution and recording of a Substitution of Trustee ("SOT") by Defendant Mark McCloskey—and its later use in litigation by the Attorney Defendants—the claims are untimely, barred by immunity doctrines, or fail to meet applicable pleading standards. The combination of expired limitations periods, application of California's litigation privilege, lack of standing, and insufficient factual allegations renders the FAC legally inadequate. Amendment would be futile for the following reasons.

Plaintiffs' claims against McCloskey are time-barred.  The FAC alleges that McCloskey executed and transmitted the disputed SOT for recording on or about September 18, 2017.  Although Plaintiff Hannonen contends she discovered the alleged forgery in 2022 (FAC ¶ 26), this assertion is contradicted by judicially noticeable filings from a 2018 wrongful foreclosure action Hannonen filed in San Diego Superior Court. That earlier lawsuit specifically challenged the trustee's authority and referenced the same SOT. (*See* Request for Judicial Notice, Ex. 3, at 9.)  The Court may properly consider these public records under *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), and *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under well-established law, "[a] claim accrues when the plaintiff knows or has reason to know of the injury." *Bitarafan v. Claremont Police Dep't*, 2024 U.S. Dist. LEXIS 192881, at *5 (C.D. Cal. Oct. 23, 2024).  Hannonen's 2018 court filing demonstrates actual or constructive knowledge of the alleged injury no later than December 24, 2018.  Her reliance on the discovery rule is therefore unavailing.  Furthermore, the FAC fails to allege any post-2018 conduct by McCloskey that would qualify as active concealment, a requirement for tolling under the fraudulent concealment doctrine. *See Regents of Univ. of Cal. v. Superior Court*, 20 Cal. 4th 509, 533 (1999).

///

1   Each of Plaintiffs' claims against McCloskey is governed by a limitations period that
2   has expired. Fraud is subject to a three-year statute of limitations under Cal. Civ. Proc.
3   Code § 338(d). RICO claims must be brought within four years, as established in *Agency*
4   *Holding Corp. v. Malley-Duff & Assocs.*, 483 U.S. 143, 156 (1987). Identity theft claims
5   under Cal. Civ. Code § 1798.93 and unfair competition claims under Cal. Bus. & Prof.
6   Code § 17208 both carry four-year limitations periods. Conversion claims are limited to
7   three years under Cal. Civ. Proc. Code § 338(b), while FDCPA claims are limited to one
8   year under 15 U.S.C. § 1692k(d), and claims under the Rosenthal Act must also be filed
9   within one year per Cal. Civ. Code § 1788.30(f). Quantum meruit actions are governed
10  by two years, as explained in *Reeve v. Meleyco*, 46 Cal. App. 5th 1092, 1000 (Ct. App.
11  2020), and cancellation of instruments must be brought within four years, per *Costa*
12  *Serena Owners Coalition v. Costa Serena Architectural Comm.*, 175 Cal. App. 4th 1175,
13  1195 (Ct. App. 2009). This action was filed on December 20, 2024, *nearly six years* after
14  Plaintiffs had notice of the underlying facts. No equitable tolling applies, considering
15  Hannonen's prior litigation on the same facts. *See Wu v. Sunrider Corp.*, 2018 U.S. Dist.
16  LEXIS 227591, at *15 (C.D. Cal. May 22, 2018). Thus, all claims against McCloskey
17  are untimely, and any amendment would be futile.

The claims against the Attorney Defendants, while not time-barred, are barred by California's absolute litigation privilege, codified at Civil Code § 47(b). Plaintiffs allege that these Defendants engaged in fraud and racketeering by submitting pleadings referencing the disputed SOT in unrelated litigation. (FAC ¶ 3.) However, the litigation privilege applies to all communications made in judicial or quasi-judicial proceedings by litigants or other participants authorized by law, when made to achieve the objects of the litigation and with some logical connection to the action. *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).[1] California courts have afforded this privilege an expansive reach,

---

[1] "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by

emphasizing that it is absolute, even if inequitable. *Id.* at 214.  As the court confirmed in *Steinmeyer v. Lab. Corp. of Am. Holdings*, 676 F. Supp. 3d 851, 860 (S.D. Cal. 2023), the privilege shields litigation conduct—even when allegedly fraudulent—so long as the communications are related to judicial proceedings.

Plaintiffs do not allege that the Attorney Defendants executed the SOT, notarized documents, or participated in foreclosure activity.  Rather, Plaintiffs allege they are attorneys who filed documents in litigation.  The privilege, therefore, immunizes them from all state law claims.

In addition to these procedural defects, the FAC suffers from substantive pleading deficiencies.  The fraud claims fail to meet the heightened requirements of Federal Rule of Civil Procedure 9(b), which demands specific allegations of the "who, what, when, where, and how" of the alleged fraudulent conduct. *Yazdanpanah v. Sacramento Valley Mortg. Grp.*, No. C 09-02024, 2009 U.S. Dist. LEXIS 111557, at *8 (N.D. Cal. Dec. 1, 2009); *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).  Plaintiffs do not identify any fraudulent statement made directly to them or show that they relied on the SOT to their detriment.  Instead, the FAC alleges reliance by third parties.  But California law requires actual reliance by the plaintiff. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

The RICO claim under 18 U.S.C. § 1962(c) is also deficient.  A valid RICO claim requires allegations of an enterprise and a "pattern" of racketeering activity, meaning at least two predicate acts and continuity. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997).  Plaintiffs rely on a single incident involving the allegedly fraudulent

---

law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." "[The] principal purpose of section 47(b) is to afford litigants. . .the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* at 213. Additionally, "California courts have given the privilege an expansive reach and held that the privilege is absolute, even if inequitable." *Id*. at 214.

5

SOT.  No other predicate acts are alleged, and Plaintiffs fail to establish any direct injury, which is essential for RICO standing.  *See Canyon Cty. v. Syngenta Seeds, Inc*., 519 F.3d 969, 980 (9th Cir. 2008).  Like the fraud claim, the RICO claim is also time-barred.

The identity theft claims under Cal. Civ. Code § 1798.93 are inadequately pleaded.  While Plaintiffs allege that McCloskey forged Bradshaw's name, they do not allege that Defendants obtained credit, goods, or services through unauthorized use of Plaintiffs' information, as required under Cal. Civ. Code § 1798.92.  Moreover, Hannonen lacks standing to assert claims based on any alleged injury to Bradshaw.

The claims for cancellation of instruments and "title theft" also fail as a matter of law.  California courts require borrowers to allege tender of the outstanding mortgage debt before seeking to invalidate foreclosure-related documents.  A*rmendariz v. JP Morgan Chase Bank N.A*., No. 11cv137 (AJB), 2011 U.S. Dist. LEXIS 166548, at *12–13 (S.D. Cal. Nov. 10, 2011).  Plaintiffs do not allege tender.  Additionally, the SOT is presumed valid under Cal. Civ. Code § 2934a(d)(4), and Plaintiffs have not shown that they have borrower standing to challenge it.  *See Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 815 (2016).

The statutory claims under California's Homeowner Bill of Rights, specifically Cal. Civ. Code §§ 2923.55 and 2924.17 are inapplicable here.  These provisions apply only to claims brought against mortgage servicers.  Defendants are not alleged to be mortgage servicers, and even if they were, the purported 2012 violation predates the enactment of section 2923.55 in 2013.  *See Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1272 (2015).

The Fair Debt Collection Practices Act and Rosenthal Act claims are also deficient.  Only entities engaged in the collection of consumer debts may be held liable under 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.17.  Recording a SOT does not constitute debt collection.  McCloskey, as a creditor's employee, is expressly exempt under 15

U.S.C. § 1692a(6)(A). In addition, attorney conduct related to litigation is excluded from liability under the FDCPA, as explained in *Heintz v. Jenkins*, 514 U.S. 291 (1995)[2].

The claim for conversion and violation of Penal Code § 496 similarly fails. Plaintiffs do not allege that Defendants wrongfully took or exercised dominion over any of their personal property. As explained in *Mendoza v. Cont'l Sales Co.*, 140 Cal. App. 4th 1395, 1405 (2006), conversion requires proof of actual dominion over property, which is not alleged here. Plaintiffs simply challenge the recording of a document.

The quantum meruit claim is likewise implausible. Plaintiffs do not allege that they conferred any benefit on Defendants through services rendered with an expectation of payment. *Port Med Wellness, Inc. v. Conn. Gen. Life Ins. Co.*, 24 Cal. App. 5th 153, 180 (2018). Mortgage payments are contractual obligations and cannot give rise to the quasi-contractual claim of quantum meruit.

Lastly, the UCL claim fails because Plaintiffs do not allege any economic injury or established entitlement to equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842–44 (9th Cir. 2020), holds that equitable claims cannot proceed where legal remedies are available or unalleged. Plaintiffs' UCL theory is wholly derivative of their other failed claims.

Taken together, the defects in the FAC are not merely technical; they are legal in nature and incurable. The claims are untimely, barred by privilege, unsupported by standing, and insufficiently pleaded. Leave to amend would serve no useful purpose and is therefore denied.

///

///

///

---

[2] "[A]pplies to a lawyer who 'regularly,' *through litigation*, tries to collect consumer debts."

**IV.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 13) is GRANTED.  The First Amended Complaint (ECF No. 5) is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED:   May 5, 2025

**HON. ROGER T. BENITEZ**
United States District Judge