1
2
3
4
5
6
7

8                        **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LEENA HANNONEN, an individual;        ) Case No.:  24-cv-2408-BEN-BLM
     AGNES BRADSHW, an individual,         )
12                                          )
                     Plaintiff,             ) **ORDER DENYING MOTION TO**
13                                          ) **ALTER OR AMEND UNDER FED. R.**
     v.                                     ) **CIV. P. 59(e) OR RECONSIDER**
14                                          ) **COURT'S RULING GRANTING**
     MARK McCLOSKEY, an individual;        ) **MOTION TO DISMISS**
15   TIMOTHY M. RYAN, an individual;       )
     ANDREW J. MASE, an individual,        )
16   MATTHEW H. AGUIRRE, an individual;    )
     THE RYAN LAW FIRM, APC, a             )
17   California Professional Corporation; and )
     DOES 5-25,                             )
18                                          )
19                    Defendant.            )
                                            )
20   _____

21

22        Before the Court is Plaintiff Leena Hannonen's ("Plaintiff") Motion to Alter or

23   Amend Under Rule 59(e) ("Motion").  ECF No. 24.  For the reasons set forth below, the

24   Motion is **DENIED.**

25        **I.    BACKGROUND**

26        Plaintiffs filed this action in December 2024 against Defendant McCloskey for

27   signing a Substitution of Trustee ("SOT") recorded in San Diego County that allegedly

28   bears Agnes Bradshaw's forged notary signature.  (FAC, Ex. A).  The SOT replaced the

                                    -1-

1  trustee under Plaintiff Hannonen's deed of trust, allegedly clouding title to her property.

2  (FAC).  An important fact underlying the statute of limitations analysis is that the SOT

3  was recorded approximately eight years before this action was filed.

4         Plaintiffs' First Amended Complaint added the Attorney Defendants based on their

5  filing a request for judicial notice of a recorded Notice of Default supporting the motion

6  to dismiss.  (ECF No. 4).  The Court found this constitutes protected litigation conduct

7  under California's litigation privilege.  The FAC asserted thirteen causes of action and

8  sought cancellation of the recorded substitution.  The Court granted the motion to dismiss

9  with prejudice.

10        Plaintiff seeks relief under Rule 59(e) by reasserting four arguments this Court

11 previously rejected: (1) tolling of limitations periods; (2) inapplicability of the litigation

12 privilege; (3) alleged clouded title from the SOT; and (4) standing to challenge the

13 substitution.[1]

14 ## II.   PROCEDURAL HISTORY

15        On May 6, 2025, the Court granted Defendant's motion to dismiss with prejudice.

16 ECF No. 22.  The Clerk of the Court entered judgment on the same day.  ECF No. 23.

17 On May 15, 2025, Plaintiff filed the instant Motion.  ECF No. 24.[2]  On June 2, 2025,

18 Defendants filed an Opposition to the Motion. ECF No. 26.

19 ## III.   LEGAL STANDARD

20        A motion for reconsideration of a final judgment may proceed under Federal Rule

21 of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for

22 relief from judgment).  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACands, Inc.,* 5 F.3d 1255,

---

[1] *Sch. Dist. No. 1 v. ACandS, Inc.* 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Frederick S. Wyle Pro. Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) ("[E]vidence available to party before it filed its opposition was not 'newly discovered evidence' warranting reconsideration of summary judgment."); *Sch. Dist. No. 1,* 5 F.3d at 1263 ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citation modified).

[2] Importantly, the Court notes that this motion is Hannonen's alone, and Bradshaw has not moved.

1262 (9th Cir. 1993).  Rule 59(e) motions "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Caldero*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).  Because the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation modified).

Rule 59(e) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn v. Nutraceautical, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enterprises, Inc.*, 229 F.3d at 890).  A motion for reconsideration "cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1294, 1301-02 (S.D. Cal. 2014).

S.D. Cal. Civ. R. 7.1(i)(1) additionally requires that a party seeking reconsideration show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.[3]"

**IV.    DISCUSSION**

Here, Plaintiff has made no such showing.  Because Rule 59(e) does not list specific grounds for a motion to amend or alter, the district court has discretion in granting or denying the motion.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th

---

[3] "Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

-3-

Cir. 2011) (citing *Calderon*, 197 F.3d at 1255 n.1 (en banc) (per curiam)).  Plaintiff has submitted a 2024 Form 1098 from Newrez LLC dba Shellpoint Mortgage Servicing (ECF. No. 24 Ex. A) and purported forged documents out of South Carolina. (ECF. No. 24 Ex. B), without explaining why these documents were unavailable before she commenced this action on December 20, 2024.

Federal Rule of Civil Procedure 15(a) provides that leave to amend be freely given when justice so requires, and "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  This Court found in its final dismissal Order that the deficiency of the FAC could not be cured by additional allegations, and Plaintiff has presented no argument or new allegations which challenge that finding, merely a disagreement with the Court's legal determination, which is insufficient to provide relief under Rule 59(e).

Plaintiff's disagreements with the Court granting Defendants' motion to dismiss do not warrant altering or amending the judgment.  *See Wood v. Ryan*, 759 F.3d 117, 1121 (9th Cir. 2014) (finding the district court did not abuse its discretion in denying a Rule 59(e) motion for reconsideration of the judgment based on the same arguments made in the previous motion).  While Plaintiff may disagree with the Court's prior Orders, all of Plaintiff's arguments and evidence were previously considered by the Court.  As such, these arguments and evidence cannot be a basis for relief under 59(e).

Plaintiff argues that *pro se* plaintiffs should be held to less stringent standards.  To the extent Plaintiff implies that the Court has failed to liberally construe her pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* by *Lacey v. Maricopa Cnty.,* 693 F.3d 896 (9th Cir. 2012); *see also Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (courts may not "supply essential elements of the claim that were not initially pled.").  "The hazards which beset a layman when he seeks to represent

-4-

1  himself are obvious.  He who proceeds *pro se* with full knowledge and understanding of

2  the risks does so with no greater rights than a litigant represented by a lawyer, and the

3  trial court is under no obligation to become an 'advocate' for or to assist and guide the

4  *pro se* layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th

5  Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977)).

6  Plaintiff's obligation to abide by this Court's rules and procedures is not diminished

7  merely because she appears *pro se*.

8      Here, Plaintiff is attempting to relitigate what has been decided by this Court.

9  Plaintiff argues that she was unable to discover documents from eight years ago, but does

10  not provide reasons why she was unable to discover these recorded documents.  Recorded

11  documents constitute matters of public record and are discoverable through reasonable

12  diligence.[4]  Plaintiff's conclusory assertion that she could not discover publicly recorded

13  documents lacks the specificity required to establish evidence previously unavailable as

14  under Rule 59(e).  Further, the attorney Defendants did not execute the SOT.  Their sole

15  connection to this litigation arose from filing a request for judicial notice—litigation

16  conduct protected by California's litigation privilege under Cal. Civ. Code § 47(b).

17  Plaintiff's statute of limitations does not exceed four years, and her action was filed

18  nearly six years after the SOT was recorded.  This two-year gap cannot be cured through

19  an amendment.  Plaintiff's opinion that the Court's conclusions are incorrect is

20  insufficient to alter or amend the judgment.

21  ///

22  ///

23

24

25  [4] Cal. Civ. Code § 1213 "Every conveyance of real property or an estate for years therein acknowledged
or proved and certified and recorded as prescribed by law from the time it is filed with the recorder for
26  record is constructive notice of the contents thereof to subsequent purchasers and mortgagees; and a
certified copy of such a recorded conveyance may be recorded in any other county and when so
27  recorded the record thereof shall have the same force and effect as though it was of the original
conveyance and where the original conveyance may be recorded in the county where such property is
28  situated with the same force and effect as if the original conveyance had been recorded in that county."

24-cv-2408-BEN-BLM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.   CONCLUSION**

Plaintiff's Motion to Alter or Amend Under Rule 59(e) is **DENIED.**

DATED:     August 22, 2025

_____

**HON. ROGER T. BENITEZ**
United States District Judge

-6-

24-cv-2408-BEN-BLM