# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEENA HANNONEN, an individual; AGNES BRADSHAW, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MARK McCLOSKEY, an individual; TIMOTHY M. RYAN, an individual; ANDREW J. MASE, an individual; MATTHEW H. AGUIRRE, an individual; THE RYAN LAW IRM, APC, a California Professional Corporation; and DOES 5-25, <br><br> Defendant. | Case No.: 24-cv-2408-BEN-BLM <br><br> **ORDER** |

Before this Court is Plaintiffs Leena Hannonen and Agnes Bradshaw's motion requesting the Court appoint a "DOJ Whistleblower Coordinator" to investigate allegations of fraud. This motion follows Plaintiffs' dismissal of the FAC. (Doc. 22). Plaintiffs previously moved to Alter or Amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] (Doc. 24). Plaintiffs subsequently moved for leave to file a late

---

[1] This Court denied this motion to alter or amend on August 22, 2025. (Doc. 34).

-1-

reply in support (Doc. 29), which the Court granted. (Doc. 30). However, instead of filing a later reply per the Court's Order, Plaintiffs filed a motion to "Appoint a DOJ Whistleblower Coordinator to investigate fraud, forgery, and obstruction of justice." (Doc. 31).

Plaintiffs' cited authority in their motion lacks any legal basis for the relief requested. Plaintiffs first rely on 5 U.S.C. § 2302(b)(8),[2] which addresses concerns of government supervisors against their employees. This statute has no applicability here because Plaintiffs are not government employees. Plaintiffs next cite 28 U.S.C. § 509,[3] which provides that "all functions of other officers of the [DOJ] and all functions of agencies and employees of the [DOJ] are vested in the Attorney General." This statute does not authorize this Court to appoint a whistleblower coordinator.

Plaintiffs concede that their claims of fraud were insufficient to invoke an investigation by the DOJ and the California Attorney General. (Doc. 31 at 9:5). While Plaintiffs also rely on 18 U.S.C. § 1503,[4] this statute addresses threats against the courts

---

[2] Section 2302. Prohibited personnel practices "(b) [a]ny employee who has authority to take, recommend, or approve any personnel action, shall not, with respect to such authority. . ." "(8) take or fail to take, or threaten to take or fail to take, a personal action with respect to anu employee or applicant for employment. . . ."

[3] Section 509. "Functions of the Attorney General. All functions of other officers of the Department of Justice and all functions of agencies and employees of the [DOJ] are vested in the Attorney General except the functions—(1) vested by subchapter II of chapter 5 of title 5 [5 U.S.C. §§ 551 *et seq*.] in administrative law judges employed by the [DOJ]; (2) of the Federal Prison Industries, Inc.; and (3) of the Board of Directors and officers of the Federal Prison Industries, Inc."

[4] Section 1503. "Influencing or injuring officers or jurors generally. (a) Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). If the offense under this section occurs in connection with a trial of a criminal case, and the act in violation of this section involves the threat of physical force or physical force, the maximum term of

24-cv-2408-BEN-BLM

and provides no basis for the requested relief.

None of the cases Plaintiffs cite support a court-appointed whistleblower coordinator. For example, Plaintiffs cite *Hazel-Atlas Glass Co v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *U.S. v. Nixon*, 418 U.S. 683 (1974); *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991); *U.S. v. Lew*, 875 F. 2d 219 (9th Cir. 1989); and *Haines v. Kerner*, 404 U.S. 519 (1972). None of these cases involves the appointment of a whistleblower by a federal court.

The only relevant statute this Court has located dealing with the appointment of a "Whistleblower Protection Coordinator" is 5 U.S.C § 403(d)(C). Section 403(d) provides that each Inspector General for the relevant agency shall appoint an assistant inspector general to designate a Whistleblower Protection Coordinator who shall:

> (i) educate agency employees: (I) about prohibitions against retaliation for protected disclosures; and (II) who have made or are contemplating making a protected disclosure about the rights and remedies against retaliation for protected disclosures, including: (aa) the means by which employees may seek review of any allegation of reprisal, including the roles of the Office of the Inspector General, the Office of Special Counsel, the Merit Systems Protection Board, and any other relevant entities; and (bb) general information about the timeliness of such cases, the availability of any alternative dispute mechanisms, and avenues for potential relief; (ii) assist the [IG] in promoting the timely and appropriate handling and consideration of protected disclosures and allegations of reprisal, to the extent practicable, by the [IG]; and (iii) assist the [IG] facilitating communication and coordination with the Special Counsel, the Council of the Inspectors General on Integrity and Efficiency, the establishment, Congress, and any other relevant entity regarding the timely and appropriate handling and consideration of protected disclosures, allegations of reprisal and general matters regarding the implementation and administration of whistleblower protection laws, rules, and regulations; (2) Whistleblower Protection Coordinator not to act as legal

---

imprisonment which may be imposed for the offense shall be the higher of that otherwise provided by law or the maximum term that could have been imposed for any offense charged in such case."

-3-

representative, agent, or advocate. The Whistleblower Protection Coordinator shall have direct access to the [IG] as needed to accomplish the requirements of this subsection; (3) Whistleblower Protection Coordinator access to [IG]. The Whistleblower Protection Coordinator shall have direct access to the [IG] as needed to accomplish the requirements of this subsection. *Id.*

This statute clearly vests the appointment authority with agency Inspectors General, not federal courts. Plaintiffs ask this Court to exercise authority it does not possess. *See United States ex rel. Kelly v. Boeing Co*., 9 F.3d 743, 756 (9th Cir. 1993) ("[U]nder Article III, courts may not exercise 'executive or administrative duties of a nonjudicial nature.'").

Accordingly, the Plaintiffs' motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:    September 2, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge